UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAUN E. HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-993** |
| **J&B HAULING, INC. et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Defendants J&B Hauling, LLC, Reginald Mitchell, and KSJ Enterprises' (collectively, "Defendants") Motion to Exclude Previously Undisclosed, New Recommendations for Future Medical treatment and Alternative Motion to Continue Trial.[1] Defendants move the Court to exclude the new diagnoses and recommendation for future surgery Plaintiff's treating doctor, Dr. Oberlander, recommended in a February 28, 2024 office visit and which Plaintiff informed Defendants of by email on February 29, 2024.[2] Defendants contend that they would be unfairly prejudiced if this new evidence is admitted at trial.[3] Defendants seek in the alternative a continuance of the trial that is scheduled to commence March 4, 2024.[4] The Court held a status conference by Zoom with the parties to discuss the motion. Considering the motion, the memoranda in support, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

Rule 26(a)(2)(C) requires the party submitting a non-retained expert's testimony to

---

[1] Rec. Doc. 59.

[2] *Id.* at 1.

[3] *Id.*

[4] *Id.*

1

provide a summary disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."[5] These disclosures must be made in accordance with the deadlines set in the Court's Orders, or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other parties' disclosure when offered solely to rebut or contradict such evidence.[6] The Advisory Committee Notes to the 2010 amendments make clear that a treating physician may be called as non-retained expert, and any expert opinion that a treating physician provides will be subject to the disclosure requirements of Rule 26(a)(2)(C).[7] The Rule 26(a)(2)(C) "disclosure obligation does not include facts unrelated to the expert opinions the witness will present."[8] Therefore, only proposed expert testimony must be disclosed under Rule 26(a)(2)(C), and a treating physician may testify as a fact witness without making such a disclosure.

Here, the Court's Scheduling Order required Plaintiff to provide Defendants with summary disclosures for their non-retained experts by November 3, 2023.[9] On December 12, 2023, Defendants filed a "*Daubert*/Motion in *Limine* to Limit Testimony of Plaintiff's Non-Retained Experts Under FRCP 26(a)(2)(C)," contending that Plaintiff did not provide adequate

---

[5] Fed. R. Civ. P. 26(a)(2)(C).

[6] Fed. R. Civ. P. 26(a)(2)(D).

[7] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

[8] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes.

[9] Rec. Doc. 19 at 3.

summary disclosures for his treating physicians.[10] On January 31, 2024, the Court granted Defendants' motion in part to the extent that Plaintiff was ordered to provide adequate summary disclosures for his treating physicians by February 14, 2024.[11] Because Plaintiff only informed Defendants on February 29, 2024 that Dr. Oberlander opined on February 28, 2024 that Plaintiff was diagnosed with a new medical condition and was recommended a new surgery treatment, Plaintiff did not timely disclose Dr. Oberlander's expected testimony in his disclosures for non-retained experts.

Once it is determined, as here, that a party has failed to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."[12] In evaluating whether a party's failure to disclose is harmless courts look to four factors: (1) the explanation for the failure to identify the witness; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and; (4) the importance of the evidence.[13]

Plaintiff's untimely disclosure of Dr. Oberlander's new diagnosis and surgery recommendation days before the March 4, 2024 trial is not harmless, as Defendants will be prejudiced from the inability to evaluate this new evidence and prepare a defense. Further, Dr. Oberlander's new opinions are relevant to the determination of damages in this personal injury matter. Defendants will require additional time for their medical experts to evaluate these new

---

[10] Rec. Doc. 23.

[11] Rec. Doc. 30.

[12] Fed. R. Civ. P. 37(c)(1).

[13] *Red Dot Bldgs v. Jacob Tech., Inc.*, No. 11-1142, 2012 WL 2061904, at *4 (E.D. La. June 7, 2012) (Barbier, J.).

opinions and potentially depose Dr. Oberlander ahead of trial. A continuance of the trial date in this matter and a re-opening of discovery to allow the parties to conduct discovery related to medical damages will cure the prejudice Defendants face. At the status conference, Plaintiff's counsel stated that Plaintiff's February 28, 2024 visit to Dr. Oberlander was part of his medical treatment plan and thus suggested that it was reasonably anticipated that Dr. Oberlander could form new opinions about Plaintiff's medical condition. However, this does not outweigh the prejudice Defendants will face, as discussed above. A brief continuance of the trial date will allow the parties to conduct the discovery necessary related to medical damages as well as allow Plaintiff to reach maximum medical recovery before trial.

     Accordingly,

**IT IS HEREBY ORDERED** that Defendants J&B Hauling, LLC, Reginald Mitchell, and KSJ Enterprises' "Motion to Exclude Previously Undisclosed, New Recommendations for Future Medical Treatment and Alternative Motion to Continue Trial"[14] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that the trial is continued to October 21, 2024. It is **DENIED** to the extent that Dr. Oberlander's new diagnosis and surgery recommendation opinions are not excluded.

**IT IS FURTHER ORDERED** that discovery will reopen for the limited purpose of the parties conducting discovery related to medical damages.

**IT IS FURTHER ORDERED** that the parties contact the Court's case manager within 15 days of this Order to select a new pretrial conference date and a new discovery deadline.

**NEW ORLEANS, LOUISIANA,** this __4th__ day of March, 2024.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[14] Rec. Doc. 59.