**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SHAUN HOWARD**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO.: 22-993**

**J&B HAULING, LLC et al.**                                         **SECTION: "G"**

**<u>Jury Instructions</u>**

**<u>October 23, 2024</u>**

## Jury Charge Number 1

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## Jury Charge Number 2

Plaintiff Shaun Howard has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## Jury Charge Number 3

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## Jury Charge Number 4

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proved.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Jury Charge Number 5

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has the witness made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

You need not accept all of the testimony of any witness as being true or false and may believe and accept any part or parts of a witness's testimony and refuse to accept any other part or parts thereof.

## Jury Charge Number 6

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

## Jury Charge Number 7

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## Jury Charge Number 8

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state their opinion on those technical matters. Certain doctors, biomechanical engineers and accident reconstructionists have testified as experts and offered their opinions. However, you are not required to accept those opinions. As with all other witnesses, it is up to you to decide whether to rely on them.

## Jury Charge Number 9

When medical evidence is conflicting, the testimony of the treating physician should be given greater weight because a treating physician's conclusions are based on repeated examinations and sustained observations of the claimant.

## Jury Charge Number 10

The opinion of a doctor as to the condition of the patient may be based entirely upon objective symptoms, revealed through observation, examination, test or treatment; or the opinion may be based in whole or in part on subjective symptoms, revealed only through statements made by the patient; or the opinion may be based in part upon objective symptoms and in part upon subjective symptoms. To the extent that an opinion testified to by doctors based on subjective symptoms described to him by a patient, a jury may, of course, consider the accuracy of the patient's statements in determining weight to be given to the doctor's opinion.

## Jury Charge Number 11

You are required to evaluate the testimony of a law-enforcement officer as you would testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

## Jury Charge Number 12

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Jury Charge Number 13

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## Jury Charge Number 14

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## Jury Charge Number 15

This case is what we call a "tort" case or a personal injury case, in which Plaintiff contends that he has been injured, and that Defendants were at fault in causing the injuries. Plaintiff seeks an award of money as a result. Defendants of course have a different view and have defended themselves against Plaintiff's claims. The basic law in Louisiana on this kind of case is an article of our Civil Code—Article 2315. It states that:

> Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

The word "fault" in this article is a key word. "Fault" means a type of conduct that a person should not have engaged in—they have acted as they should not have acted or have failed to do something that they should have done. The law thus regards the conduct as being below the standard or measure which applies to Defendants' activities.

The standards which the law applies to Defendants' conduct will change according to the nature of their activities and the surrounding circumstances. Now that we are at the end of the trial, I'm going to tell you the standards which apply to Defendants' conduct in this particular suit, and you have to accept those standards. Your job is to decide if Plaintiff has proved by a preponderance of the evidence that Defendants' conduct fell below those standards. To put it briefly, you have to decide if Plaintiff has proved that Defendants' conduct was sub-standard and thus they are, in legal terms, "at fault." In this particular case, Plaintiff says that Defendants have committed the kind of fault that the law calls "negligence."

But this is only one of the parts of Plaintiff's case, and in order to succeed, Plaintiff must establish all of the essential parts of his case. Questions addressed to all of these parts of the case will be given to you in the "verdict form" that you will get at the end of these instructions and that you will take with you to fill out as a part of your deliberations. The other parts of Plaintiff's case

are: (1) that the injuries Plaintiff suffered were, in fact, caused by the conduct of Defendants; and

(2) that there was actual damage to Plaintiff's person or his property.

## Jury Charge Number 16

When I say that the injury must be shown to have been caused by Defendants' conduct, I don't mean that the law recognizes only one cause of an injury, consisting of only one factor or thing, or the conduct of only one person. On the contrary, a number of factors may operate at the same time, either independently or together, to cause injury or damage. You have to decide whether Plaintiff probably would not have suffered his injuries or damage in the absence of Defendants' conduct. If Plaintiff probably would have suffered injury no matter what Defendants did, then you will have to decide that the injury was not caused by Defendants, and render a verdict for the defense. If, on the other hand, Plaintiff probably would not have suffered injury in the absence of Defendants' conduct, then you will have to decide that Defendants conduct did play a part in Plaintiff's injuries and you will have to proceed to the next part of Plaintiff's case.

## Jury Charge Number 17

You will recall that I have mentioned to you that the basic standard applicable to Defendants is that they exercise that degree of care that we might reasonably expect of an ordinarily prudent person under the same or similar circumstances.

Our law requires a motorist generally to keep their vehicle under proper control and at a proper speed, and to maintain a proper lookout for hazards, which by the use of ordinary care and observation one should be able to see.

In specific circumstances, the law has established specific standards of care for motorists, as I will explain to you.

## Jury Charge Number 18

A driver has a duty not to move his vehicle from one lane to another until he has first made sure that such movement can be made without endangering other traffic.

When a driver has changed lanes immediately before the accident, he has the burden of showing that he first made sure that the change of lanes could be safely made prior to his proceeding into the other lane.

## Jury Charge Number 19

If you decide that Plaintiff has established the first two elements of their case, then you must decide whether Defendants have proved that Plaintiff has failed to conduct himself in accordance with the standard expected of him, and has thereby contributed to his own injuries. It is the law of Louisiana that the recovery of an injured person who has contributed to his own injury by his own sub-standard conduct must be reduced by the percentage of fault attributable to him.

In this case, the standard applicable to Plaintiff's conduct is the requirement that he exercise that degree of care which we might reasonably expect a person to exercise for their own safety and protection. On this issue Defendants have the burden of proof. In other words, Defendants have the burden of establishing, by a preponderance of the evidence, that Plaintiff failed to conform to that standard and by that failure contributed to their own injuries. If Defendants convince you of that, then you must assign a percentage of fault to Plaintiff's conduct according to the instructions that I will give you.

In deciding the question of Plaintiff's fault, as it is called in the law, you may ask yourselves this question: "Should Plaintiff, as an ordinarily prudent person, under all the circumstances surrounding his conduct, have reasonably foreseen some such injury as he suffered as a result of his conduct, and did he fail to exercise reasonable care to avoid such injury to themselves?"

If Defendants do not convince you that Plaintiff was also at fault, and Plaintiff has otherwise proven his case by a preponderance of the evidence, then you should return a verdict for Plaintiff without assigning any percentage of fault to him.

If you conclude that both the Defendants and Plaintiff were negligent, and that the negligence of each was a proximate cause of the accident and Plaintiff's injuries, then you must assign percentages of fault to each one. In determining those percentages, you may consider both

the nature of the negligent conduct and the extent of the causal relation between the conduct Plaintiff's injuries.

When I say "the nature of the negligent conduct," I mean that you may consider: (1) whether the conduct resulted from inadvertence or rather involved an awareness of the danger involved; (2) how great the risk created by the person's conduct was; (3) the importance of what was sought by the conduct; (4) the physical and mental capacities of the person, either ordinary or perhaps superior or inferior; and (5) any extenuating circumstances which might have required that party to act in haste, without proper thought.

When I say "the extent of the causal relation" between the conduct and the injuries, I mean that you may consider the extent to which that party's conduct contributed to the happening of the accident and plaintiff's injuries.

Louisiana law requires that you divide the total responsibility for this incident among all those who were proven to be involved in it whether they are actually parties to this suit or not. You should do this by assigning percentages of fault to the various involved persons which will total 100%. You are free to assign whatever percentage you feel appropriate, and you should do so by answering the questions, which will be provided to you on a special verdict form.

## Jury Charge Number 20

If you decide that Plaintiff has established the other elements of his case by a preponderance of the evidence, and Defendants have failed to establish a defense which would prevent Plaintiff from recovering an award for his injuries, you must decide the question of whether there has been damage to Plaintiff's person or property and if so, the amount of that damage.

In this regard, I recall to your attention the words of Article 2315 of our Civil Code:

Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.

This article, and our law, suggest simple reparation, a just and adequate compensation for injuries. Your award should be designed to fully and fairly compensate Plaintiff for his injury, if you find one has occurred, and should not go beyond such reparation.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done. You must arrive at a figure that will fairly and adequately compensate Plaintiff for damages he has already suffered, and that he will in all likelihood suffer in the future. In estimating such damages in this case, you may take into consideration the following elements:

(1) physical injury suffered;
(2) pain and suffering, both physical and mental;
(3) loss of enjoyment of life;
(4) disability, if any;
(5) medical expenses, both past and future.

Like other parts of Plaintiff's case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think Plaintiff's might have suffered or might suffer in the future. On the other hand, it means that you may make an effort to reasonably approximate the damages which Plaintiff has proved are more probable than not, even though they cannot be computed with

mathematical certainty.

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by Plaintiff. Also, any amount which you might award to Plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that Plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate Plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case. Whether or not damages are due is solely for you to determine.

**Jury Charge Number 21**

In your consideration of the items of damage, you should bear in mind that under the law the one liable or responsible for an accident must take the injured person as he finds him, and is responsible for all the natural and probable consequences of his wrong, even though they are more serious or harmful by reason of a pre-existing condition, physical defect or weakness of the injured person. If the accident results in aggravation of a previous condition of disability or of pain of the injured person, the one responsible is liable both for the aggravation of the pre-existing condition and for any new injuries resulting from the accident.

However, Plaintiff must prove by a preponderance of the evidence (1) the prior existing condition and (2) the extent of the aggravation. If you find that Plaintiff would have faced this aggravation of their condition whether this incident happened or not, then Plaintiff is not entitled to damages or that portion of his claim, since Defendants are not responsible for the normal and natural results of Plaintiff's prior condition.

## Jury Charge Number 22

In determining any award that you might make for past or future medical expenses, you should consider the evidence, and the opinions of expert witnesses, to decide the reasonable value or expense of medical, nursing and hospital care and treatment which was or will be reasonable and necessary for Plaintiff's condition.

If you find that an award of past medical expenses is appropriate, Defendants must pay for medical treatment, even over-treatment or unnecessary treatment, unless that treatment was incurred by Plaintiff in bad faith.

## Jury Charge Number 23

As I have mentioned to you, there is no practical way to introduce evidence as to the general damages which Plaintiff's claims for pain and suffering and for mental distress. There is no precise standard to fix these damages or assign some kind of value to them. Rather, your job is to determine an amount that will be fair and just on the basis of evidence of Plaintiff's injuries and treatment that you have heard, and that will fairly compensate Plaintiff for any damage he may have suffered.

## Jury Charge Number 24

The law recognizes that a plaintiff may suffer mental distress and anguish as a result of an incident as well as physical pain and suffering. You are permitted to consider such consequences as a part of the general damages which you may award. By "mental distress and anguish," I mean substantial worry or concern, grief and the like.

## Jury Charge Number 25

In determining any award that you might make for past wage loss, you should consider the evidence presented to you on that issue. Any award which you may make should be based on plaintiff's gross income, that is his earnings before deductions for income taxes, social security and so forth - not on what we generally call his "take-home pay."

## Jury Charge Number 26

Plaintiff has claimed as a part of his damages that he has suffered loss of enjoyment of life in addition to the other physical and mental damages that he asserts. As with all other aspects of damage claims, you have much discretion as to whether any such damages should be awarded, and in what amounts. In this connection, you may take into account plaintiff's interests and way of life and the extent to which he may have suffered damage with respect to it, which is separate from his other physical and mental damages.

,

## Jury Charge Number 27

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find the Defendants are liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the Defendants proved by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny his recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendants have the burden of proving the damages that the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendants have satisfied their burden of proving that the Plaintiff's conduct was not reasonable.

## Jury Charge Number 28

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.