UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAUN E. HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-993** |
| **J&B HAULING, LLC, ET AL.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

This litigation arises from a motor vehicle collision in St. Tammany Parish, State of Louisiana.[1] On October 23, 2024, a jury found in favor of Plaintiff Shaun E. Howard ("Plaintiff") and against Defendants J&B Hauling, LLC and Reginald Mitchell (collectively, "Defendants"), and the Court entered judgment on the verdict.[2] Before the Court are Plaintiff's Motion for Taxation of Costs[3] and Motion for Pre-Judgment Interest.[4] Defendants oppose the motions in part.[5] For the reasons explained below, the Court finds that Plaintiff is entitled to pre-judgment interest from the date of judicial demand at the rate fixed by Louisiana law, post-judgment interest, and court costs. Therefore, considering the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motions.[6] The Court will issue an amended

---

[1] Rec. Doc. 1 at 2–3.

[2] Rec. Docs. 145, 146. The Court entered a directed verdict in favor of Defendant KSJ Enterprises USA, LLC. Rec. Doc. 143.

[3] Rec. Doc. 150.

[4] Rec. Doc. 151.

[5] Rec. Docs. 152, 153.

[6] The Court does not reach the dispute regarding the amount of costs due. This issue will be addressed by the Clerk of Court.

1

judgment specifying that Plaintiff is entitled to interest and costs.

Plaintiff moves the Court to award Plaintiff interest and costs.[7] Plaintiff asserts he is entitled to pre-judgment interest from the date of commencement of this action, April 13, 2022, at the rate specified 28 U.S.C. § 1961.[8] Therefore, Plaintiff requests that the judgment be amended to clarify an award of pre-judgment interest.[9] Defendants do not dispute that Plaintiff is entitled to pre-judgment interest.[10] However, Defendants point out that 28 U.S.C. § 1961 addresses post-judgment interest, and pre-judgment interest should be calculated under Louisiana law.[11]

When a federal court sits in diversity, it applies the state law governing the award of pre-judgment interest.[12] In Louisiana, the state law presumes that interest will be awarded on judgments, and in tort actions, "[l]egal interest shall attach from date of judicial demand."[13] Pre-judgment interest need not be specifically mentioned in the judgment, but it is appropriate to amend the judgment to include pre-judgment interest for clarity.[14] Therefore, the Court finds that Plaintiff is entitled to pre-judgment interest from the date of judicial demand, April 13, 2022, through the date of Judgment, October 23, 2024, at the rate fixed by Louisiana law.

---

[7] Rec. Docs. 151, 152.

[8] Rec. Doc. 151-1.

[9] *Id.*

[10] Rec. Doc. 152.

[11] *Id.*

[12] *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996) (citing *FSLIC v. Texas Real Estate Counselors, Inc.*, 955 F.2d 261, 270 (5th Cir. 1992)); *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994).

[13] La. Rev. Stat. § 13:4203; *Stewart v. Ice*, 2007-0871 (La. App. 4 Cir. 4/9/08), 982 So. 2d 928, 934, *writ denied,* 2008-1000 (La. 8/29/08), 989 So. 2d 101.

[14] *Stewart*, 982 So. 2d at 934.

Even in diversity cases, federal law governs post-judgment interest.[15] 28 U.S.C. § 1961(a) entitles "judgment creditors to post-judgment interest." Post-judgment interest need not be specifically mentioned in the judgment, as it "is awarded as a matter of course."[16] Therefore, Plaintiff is entitled to post-judgment interest from October 24, 2024 until the judgment is paid.

Plaintiff also requests that costs be awarded to him pursuant to Federal Rule of Civil Procedure 54(d)(1) because he is the prevailing party.[17] Plaintiff has filed a Bill of Costs that is currently pending before the Clerk of Court pursuant to Local Rule 54.3.1.[18] Defendants do not dispute that Plaintiff is entitled to costs, but they object to the amount of costs requested by Plaintiff.[19] Federal Rule of Civil Procedure 54(d)(1) entitles the prevailing party to an award of costs. Pursuant to Local Rule 54.3.1, costs are assessed by the Clerk of Court. Therefore, Plaintiff is entitled to an award of costs, and the amount will be assessed by the Clerk of Court.

Federal Rule of Civil Procedure 54(c) provides that "[e]very . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Therefore, the Court will exercise its "considerable discretion" and amend the judgment to clarify an award for pre-judgment interest, post-judgment interest, and costs to prevent a "manifest injustice."[20]

Accordingly,

---

[15] *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing *Harris*, 15 F.3d at 341 & n.14).

[16] *Id.*

[17] Rec. Doc. 150-1.

[18] Rec. Doc. 149.

[19] Rec. Doc. 152.

[20] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)

**IT IS HEREBY ORDERED** that Plaintiff Shaun E. Howard's Motion for Taxation of Costs[21] and Motion for Pre-Judgment Interest[22] are **GRANTED.**[23] An amended judgment will issue to clarify that Plaintiff is entitled to pre-judgment interest from April 13, 2022 to October 23, 2024 at the rate fixed by Louisiana law, post-judgment interest from October 24, 2024 until the judgment is paid, and costs. The amount of costs will be assessed by the Clerk of Court pursuant to Local Rule 54.3.1.

**NEW ORLEANS, LOUISIANA**, this  22nd  day of November, 2024.

*[signature]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[21] Rec. Doc. 150.

[22] Rec. Doc. 151.

[23] The Court does not reach the dispute regarding the amount of costs due. This issue will be addressed by the Clerk of Court.